**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSY SALVADOR AVILA,<br><br>Defendant. | Case No. 2:18-cr-00188-RFB-CWH-1<br><br>**ORDER** |

Defendant Jessy Salvador Avila moves the Court to vacate, set aside, or correct his sentence (ECF No. 38) on the basis that his conviction for use of a firearm during and in relation to "a crime of violence" (specifically, carjacking) in violation of 18 U.S.C. § 924(c)(1)(A) is no longer valid because carjacking categorically fails to qualify as a "crime of violence" under 18 U.S.C. § 924(c). For the reasons below, his motion is denied.

I.   **FACTUAL AND PROCEEDURAL BACKGROUND**

On September 4, 2018, Mr. Avila pleaded guilty to (Count 1) Felon in Possession of Ammunition, (Count 2) Carjacking, and (Count 3) Possession of a Firearm in Furtherance of a Crime of Violence. ECF No. 30, 33. On December 6, 2018, the Court sentenced Mr. Avila to zero months of incarceration on Counts 1 and 2, but imposed 60 months of incarceration for Count 3. ECF No. 33. The Court also sentenced Mr. Avila to supervised release for five years on Count 3. Id.

Following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) (holding the § 924(c) residual clause is unconstitutionally vague), on June 23, 2020, Mr. Avila

timely filed a 28 U.S.C. § 2255 Supplemental Motion to Vacate, Set Aside, or Correct Sentence relying on Davis. ECF No. 38. The Motion was fully briefed on September 15, 2020. ECF Nos. 40, 41. A hearing on the motion was set for May 19, 2021. The Court vacated the hearing to allow resolution of appeals pending before the Ninth Circuit which addressed the question in the motion.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id.

## III. DISCUSSION

The Court finds that there are no grounds to grant § 2255 relief.

Section 924(c), under which Mr. Avila was convicted, prohibits the use of a firearm "during and in relations to any crime of violence." 18 U.S.C. § 924(c)(1)(A). Following the Supreme Court's ruling in Davis, a felony qualifies as a crime of violence only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); see also Davis, 139 S. Ct. 2319 (invalidating 18 U.S.C. § 924(c)(3)(B)). The Ninth Circuit has already held that federal carjacking *categorically* is a crime of violence under § 924(c)(1)(A). United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017) (per curiam); United States v. Eckford, 77 F.4th 1228 (9th Cir. 2023) (applying the reasoning from Gutierrez post-Davis to hold that Hobbs Act robbery is a crime of violence under § 924(c)(1)(A)); United States v. Buck, 23 F.4th 919 (9th Cir. 2022) (similar); United States v. Burke, 943 F.3d 1236 (9th

Cir. 2019) (similar). Since the federal carjacking statute categorically is a crime of violence, the Court finds that Mr. Avila's claim for relief is foreclosed by binding case law.

### IV.    CERTIFICATE OF APPEALABILITY

This is a final order adverse to the Petitioner Mr. Avila. As such, Rule 11(a) of the Rules Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability (COA). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Mr. Avila "may not appeal that denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the Court must find that Mr. Avila "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court found that settled, binding caselaw disposes of Mr. Avila's claims, the Court finds that no reasonable jurist could find the Court's assessment debatable or wrong.

### V.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Jessy Salvador Avila's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Jessy Salvador Avila is **DENIED** a Certificate of Appealability.

DATED: April 22, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**